# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| **MICHAEL S. HARRIS,**<br><br>　Plaintiff,<br><br>v.<br><br>**NANCY A. BERRYHILL, Acting Commissioner of Social Security,**<br><br>　Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:16-CV-00933-DBP**<br><br>**Magistrate Judge Dustin B. Pead** |

## INTRODUCTION

All parties have consented to United States Magistrate Judge Dustin B. Pead conducting all proceedings in this case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit. *See* 28 U.S.C. § 636 (c); F.R.C.P. 73. (Dkt. 14).

Plaintiff Michael S. Harris, ("Mr. Harris") appeals the Commissioner of Social Security's decision denying his claim for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act, 42 U.S.C.§§401-433. (Dkt. 3). Having considered the parties' briefs, the administrative record, the arguments of counsel, and the relevant law the Court reverses and remands the Commissioner's decision for further consideration.

## PROCEDURAL BACKGROUND

Mr. Harris filed an application for Disability and Disability Insurance Benefits, as well as Supplemental Security Income, on October 30, 2012, alleging a disability beginning on August 30, 2012. (A.R. 156-158). Mr. Harris's claims were initially denied on January 23, 2013, and

upon reconsideration on July 23, 2013. (A.R. 68-69, 94-95). Thereafter, Mr. Harris timely requested a hearing before an Administrative Law Judge ("ALJ") on September 25, 2013. (A.R. 113-114).

An administrative hearing was held on November 7, 2014, in St. George, Utah before Administrative Law Judge, Norman L. Bennett. (A.R. 25-51). Thereafter, on February 23, 2015, the ALJ issued a written decision. (A.R. 6-24). In his decision, the ALJ found that Mr. Harris suffered from the severe impairments of right shoulder rotator cuff tear and degenerative disc disease of the cervical spine. (A.R. 11). He concluded Mr. Harris could perform sedentary work including lifting and/or carrying ten pounds occasionally and five pounds frequently, standing and walking two hours in an eight hour day, sitting six hours in an eight hour day, and performing no work above right shoulder level and occasional turning of the head from side to side. (A.R. 12). With this residual functional capacity (RFC), the ALJ found that Mr. Harris could not perform any past relevant work, but that there was other work available that he could perform. (A.R. 24-25). Ultimately, the ALJ concluded that Mr. Harris was not disabled. (A.R. 26).

On July 30, 2016, the Appeals Council denied Mr. Harris's request for review of the ALJ's decision. (A.R. 1-4). The Appeals Council's denial was the final administrative decision of the Commissioner of Social Security, and Mr. Harris brought his current action to appeal the Commissioner's decision pursuant to 24 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Court's review of the Commissioner's decision is limited to determining whether his findings are supported by "substantial evidence and whether the correct legal standards were applied. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quotation omitted). The Court may neither reweigh the evidence, nor substitute its judgment for the Commissioner's. *Id*.

In its review, the Court should evaluate the record as a whole including that evidence before the ALJ that detracts from the weight of the ALJ's decision. *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999). The reviewing Court may not re-weigh the evidence or substitute its own judgment for that of the ALJ. *Qualls v. Apfel,* 206 F.3d 1368, 1372 (10th Cir. 2000). Further, the Court should "not 'displace the agenc[y]'s choice between two fairly conflicting views, even though the Court would justifiably have made a different choice had the matter been before it de novo.'" *Lax* at 1084. A "failure to apply the correct legal standard[s] or to provide this Court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005).

## ANALYSIS

Mr. Harris began seeing Dr. Edward Pasimio in 2014. During his time with Mr. Harris, Dr. Pasimio observed reduced range of motion in the shoulder and chronic cervical spine muscle spasms. (A.R. 558, 565). Dr. Pasimio prescribed a straight cane (A.R. 712), and opined that Mr. Harris could not lift more than 10 pounds, could not perform repetitive activities with the right upper extremity and could do no repetitive bending, stooping, or twisting. (A.R. 562). Dr. Pasimio stated that Mr. Harris could not lift with his injured arm. (A.R. 567). Dr. Pasimio also

filled out a RFC assessment in which he opined that Mr. Harris was limited in his ability to use his upper extremities and that his impairments would interfere with his ability to concentrate 5-10% of the workday. (A.R. 710). He further concluded that Mr. Harris would be absent from work 4 or more days each month due to his impairments and would be less than 50% efficient as an average worker due, in part, to his constant need for pain medication that affected his mental acuity. (A.R. 711).

On appeal, Mr. Harris raises one main issue. Specifically, Mr. Harris asserts that the ALJ erred in his evaluation of the medical opinion evidence from his treating physician Dr. Pasimio. For the reasons set forth below, the Court agrees and remands the ALJ's decision for further analysis.

**The ALJ Erred In His Evaluation of the Opinion Evidence from Dr. Pasimio.**

Mr. Harris challenges the ALJ's evaluation of the opinion of his treating physician Dr. Edward Pasimio. When evaluating a treating source opinion, the Regulations set out a two-part test for the ALJ to follow in order to determine what weight to afford the opinion. 20 C.F.R. § 404.1527(c)(2); 416.927(c)(2); *Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003). First, the ALJ must decide if the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." *Id*. If the treating source opinion satisfies both criteria, then the inquiry ends and the ALJ must give the opinion controlling weight. *Id*. If not, the ALJ must weigh the opinion using all the factors in § 404.1527(c) and 416.927(c). *Id*. After considering these factors, the ALJ must give "good reasons" for the weight assigned to the treating source opinion and the reasons stated must be "sufficiently specific to make clear to any subsequent reviewers the

weight the adjudication gave to the treating source's medical opinion and the reasons for that weight." *Id*. (*quoting* SSR 96-2p).

Mr. Harris submitted three opinions from Dr. Pasimio as to his functional limitations. In evaluating these opinions, the ALJ stated as follows:

> Accordingly, I find that the opinions of Dr. Hensen *(sic)* and Dr. Pasimio that the claimant was unable to work is reserved to me. (Exhibits 9F, 25F). Their opinions are also inconsistent with examination findings in Exhibit 27F, and with Dr. Pasimio's opinions in 19F/10 and 26F/10 that the claimant was limited to lifting five pounds, performing no overhead reaching with the right upper extremity and no climbing. Dr. Pasiomio's *(sic)* opinions in Exhibit 19F/10 and 26F/10 are overall consistent with the opinion of Dr. Johnsen and are given considerable weight.

(A.R. 16). The ALJ concluded Dr. Pasimio's opinions were entitled to considerable weight. The ALJ did not, however, sufficiently explain why he failed to incorporate all of Dr. Pasimio's stated limitations in his residual functional capacity assessment. Specifically, the ALJ failed to discuss why he did not accept Dr. Pasimio's opinion that Mr. Harris could not lift with his right arm. *Id*.

The court recognizes that the ALJ is not required to accept the entirety of Dr. Pasimio's opinion and that it is well within the ALJ's purview to adopt some parts of the opinion while rejecting others. That said, in doing so the ALJ is required to *explain* why he has accepted, and given great weight to, some portions of Dr. Pasimio's opinions while rejecting others. An ALJ must discuss "any uncontroverted evidence he chooses not to rely on, as well as significantly probative evidence he rejects." *Clifton v. Chater,* 79 F.3d 1007, 1010 (10th Cir. 1996) (*citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394095 (9th Cir. 1984), and is not entitled to pick and choose adopting only the evidence that supports his theory. Instead, the ALJ must look to all the evidence of record. *See Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004); *see*

5

*also Wilson v. Colvin*, 541 Fed. App. 869, 872-874 (10th Cir. Oct. 16, 2013) ("ALJ's failure to weigh [the doctor's] opinion and explain why he accepted some, but not all, of its moderate restrictions, was not harmless error.").

The first opinion that the ALJ gave considerable weight was a work status evaluation filled out in August 2014. In it, Dr. Pasimio opined that Mr. Harris had the following limitations: 1) No lifting greater than 5 pounds; 2) No repetitive use of arm overhead; 3) No lifting with injured arm; 4) No overhead activity right upper extremities; 5) No climbing; and 6) No reaching above the shoulder. (A.R. 567). A second opinion from December 2014 was also given "considerable weight". It stated that Mr. Harris had the following limitations: 1)No lifting greater than 10 pounds; 2) No repetitive use of arm overhead; and 3) No lifting with the right arm. (A.R. 722). Both of these opinions provided that Mr. Harris should not lift with his injured arm. (A.R. 567, 722). However, no such limitation was adopted or addressed by the ALJ.

In response, the Commissioner argues that the ALJ adequately evaluated Dr. Pasimio's opinions and explained his decision to give weight to some parts of the evaluation and not others, based upon Dr. Pasimio's own inconsistent opinions as well as inconsistencies between Dr. Pasimio's evaluations and Mr. Harris's testimony. In making this argument, the Commissioner admits that the ALJ's decision does not contain a "contemporaneous discussion" of inconsistencies, but encourages the Court to view the record as a whole. The Court is not persuaded. Although the Commissioner outlines specific reasons why Dr. Pasimio's opinions are inconsistent, none of the inconsistencies raised are sufficiently addressed in the ALJ's decision such that they are clear to subsequent reviewers as to the weight given to the opinion and the reasons for that weight. Rather, the ALJ must expressly evaluate Dr. Pasimio's

opinions, detail which portions of the opinion are entitled to weight and explain why those portions are entitled to the weight given.

In this case, Dr. Pasimio's conclusions could impact the ALJ's findings regarding Mr. Harris's residual functional capacity and therefore any error, in the ALJ's failure to explicitly Discuss why portions of Dr. Pasimio's opinions are not accorded any weight, is not harmless.

## **CONCLUSION AND ORDER**

For the reasons set forth above, the Court REVERSES and REMANDS this case to the Commissioner. On remand, the Commissioner will specifically reconsider the evidence of Dr. Pasimio. The Court expressly makes no opinion as to whether the ALJ's findings at any step of the evaluation process will change. Nonetheless, on remand the ALJ should address the aforementioned errors and evaluate the evidence as instructed above.

DATED this 16th of June, 2017.

_____
Dustin B. Pead
United States Magistrate Judge